## * HENEGAR v. MATTHEWS.

### (*Knoxville.*    October 26, 1889.)

1. LAND LAW.  *Special entry in Hiwassee District.*

An entry is *prima facie* special upon its face, though open to attack by extrinsic evidence, when, having been made after the division of the Hiwassee District into ranges, townships, fractional townships, etc., as provided by Act of 1819, it calls for its beginning corner in said District and in Blount County, "at the south-west corner of Lot 21, Second Fractional Township, Range 7, east of the meridian"— the point called for being one established by a public survey made by direction of law, and capable of easy ascertainment.

Case cited and approved: Berry *v.* Wagner, 5 Lea, 564.

2. SAME.  *Hiatus.  Case in judgment.*

H. made a special entry, but suffered a hiatus to intervene before obtaining his grant.  Upon an extension of time subsequent to this hiatus he procured his grant.

M. claimed under junior special entries of same lands made anterior to said hiatus in H.'s title, but did not obtain grants until *after* expiration of this hiatus.  M.'s grants are older than H.'s, and one of them was issued within the time allowed by law, or an extension thereof, without the occurrence of any hiatus.

*Held:* That H. has the superior title.  M.'s entries, being unauthorized and void in their inception, could not become valid on the occurrence of the hiatus in H.'s title.

Case cited and approved: Tipton *v.* Sanders, 2 Head, 691.

Cited and distinguished: Sampson *v.* Taylor, 1 Sneed, 600; Williams *v.* Throop, 11 Hum., 265; Blevins *v.* Crew, 3 Sneed, 151.

---

### FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

---

* The cause of Richards *v.* Hamby, appealed from Chancery Court of Morgan County, was heard and determined at same time.  The counsel were:
Sevier & Welcker and W. J. Scott for Richards.
S. N. Vance and T. A. Wright for Hamby.

WEBB & McCLUNG for Henegar.

C. T. CATES, SR., and SCOTT & WELCKER, for Matthews.

LURTON, J. This is an agreed case, and involves the title to 3,340 acres of land in Blount County, in the Hiwassee District. The decree of the Chancellor was in favor of Henegar, and Matthews & Co. have appealed. There is no question of possession, the controversy being purely one of title.

Henegar's entry was made April 27, 1830. His grant was issued September 24, 1841.

Matthews & Co. claim under three entries and grants, as follows: Entry May 28, 1839; grant July 8, 1841. Second and third entries February 2, 1839; second and third grants July 8, 1841.

It thus appears that Henegar's entry is older than any of the entries under which Matthews & Co. claim, but that the grants of Matthews & Co. are older than the Henegar grant. If, however, the entry of Henegar be special, then his grant will relate back to his entry. This presents the first controversy. The entry of Henegar is for 5,000 acres in Blount County, Hiwassee District, "beginning at the south-west corner of Lot 21, Second Fractional Township, Range 7, east of the meridian." Does this call make this a special entry on its face? We are of opinion that it does. By the Act of 1819 the Hiwassee District was laid off into one surveyor's district; and the Act

provided for the appointment of a surveyor-general for that district, and required him to lay off the district into ranges, townships, fractional townships, sections, and quarter-sections. The surveyor was required to establish a basis meridian, extending due south from the mouth of Clinch River to the Hiwassee, and the district on the east and west sides of this meridian line was required to be run out in ranges of six miles in width. The Act further provided that " the. fractional parts of townships, whether at the north or south end of ranges, or elsewhere, shall be divided and numbered, as is hereinbefore directed in regard to entire townships, into quarter-sections; *and should there remain fractions of quarters, the amount contained in them shall be ascertained and noted in the surveyor's field-books.*" The call in this entry is unquestionably for one of these fractions of a quarter-section, which is designated as " Lot 21, Second Fractional Township." That this Hiwassee District was thus surveyed and plotted, as required by the Act of 1819, plainly appears by the recognition of such a survey in subsequent Acts of the Legislature: Acts of 1819, Ch. 59; Acts of 1822, Ch. 24 and Ch. 41; Acts of 1823, Ch. 26.

A call for a corner of a lot in this survey is such a special call as will make an entry *prima facie* special, and this character can only be affected by proof that there was in fact no such lot as that called for, or that it could not be found. *Berry* v. *Wagner*, 5 Lea, 564.

Matthews & Co. next insist that a hiatus occurred between the entry and grant to Henegar, and that their entries having been made prior to the hiatus, became, by reason of this chasm, the only valid entries. Henegar's entry was made April 27, 1830. By the Act of 1829, Ch. 89, enterers of land in the Hiwassee District were required to obtain grants within nine months. By the subsequent Acts of December 9, 1831, October 10, 1833, November 16, 1835, and November 27, 1837, the time was extended within which such entries could be lawfully carried into grants. The last Act expired November 16, 1839, and the next extension Act was not passed until January 25, 1840. Thus, between November 16, 1839, and January 25, 1840, there was no law under which a grant could have issued upon Henegar's entry. But the Act of 1840 resuscitated this entry, and under it Henegar obtained a grant in September, 1841. The entries of Matthews & Co. were not made during this hiatus, and therefore the case is not governed by that of *Sampson* v. *Taylor*, 1 Sneed, 600. It is, however, very ably argued by the learned counsel for appellants that the effect of the chasm was to vest in the younger enterer, whose entries had been made before the hiatus, a vested right, which could not be divested by a subsequent Act reviving an elder entry and extending the time within which such elder entry might pass into a grant. In support of this position the cases of *Williamson* v. *Throop*, 11 Hum.,

265, and *Blevins* v. *Crew*, 3 Sneed, 151, are cited. These cases are to be distinguished from the one now under consideration in this: that both the entries *and the grants* bore date prior to the hiatus, while the grants to Matthews & Co. are subsequent to the chasm, and therefore after the passage of the extension Act under which the grant upon the elder entry issued. The distinction is obvious. The grants may well be considered to have been the act of the State, while the entry was but the unauthorized act of the enterer. The lands covered by the elder and special entry of Henegar were not subject to entry at the time they were again entered by Matthews & Co. These previous entries were unlawfully made, and were mere nullities. Did the subsequent hiatus have the effect of validating these junior and unauthorized entries, and thereby vest such interest in Matthews & Co. as could not be lawfully divested by the subsequent Act authorizing the issuance of grants upon entries which had become ineffective by reason of the chasm?

The entry having been made without any authority of law, no right vested under it at the time, and none arose when the hiatus occurred. It continued to be what it was at its inception, an unlawful entry and a mere nullity.

The case of *Tipton* v. *Sanders*, 2 Head, 691, was subsequent to the cases of *Williamson* v. *Throop* and *Blevins* v. *Crew*. In that case both the entry and grant to the junior enterer *preceded the hiatus;*

Henegar *v.* Matthews.

yet this Court held that the elder entry and junior grant was the better title. The opinion does not refer to the earlier cases, with which it is apparently in conflict. As the later adjudication, and as in harmony with the policy which prefers the senior entry, we should be disposed to follow it. No case can be found sustaining a younger entry where the grant did not precede the hiatus. We are not disposed to so extend the holding of our predecessors as to make one.

The decree must be affirmed.